FILED & ENTERED

MAR 04 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-16351-RK |
| FLASHCOM, INC., | Chapter 11 |
| Debtor. | Adv. No. 2:12-ap-01339-RK |
| | |
| CAROLYN A. DYE, Liquidating Trustee, | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE DECLARATION OF JAMES BASTIAN FILED IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT |
| Plaintiff, | |
| vs. | |
| ANDRA SACHS; COMMUNICATIONS VENTURES III, L.P., COMMUNICATIONS VENTURES III CEO & ENTERPRENEURS FUND L.P.; MAYFIELD IX; MAYFIELD ASSOCIATES FUNDS IV; DAVID HELRICH; ESTATE OF TODD BROOKS; BRADFORD SACHS; RICHARD RASMUS; KEVIN FONG, | |
| Defendants. | |

The Motion of Plaintiff Carolyn Dye, Liquidating Trustee ("Trustee") to Strike the Declaration of James Bastian Filed in Opposition to Plaintiff's Motion for Entry of Judgment (filed as Docket No. 551, hereinafter the "Motion to Strike") came on for hearing before the undersigned United States Bankruptcy Judge on May 30, 2012, June

28, 2012 and October 31, 2012 in conjunction with Plaintiff's Motion for Entry of Judgment and Defendants' Motion for Relief from Orders and Judgments Pursuant to Rule 60 of the Federal Rules of Civil Procedure. Appearances have been made as noted on the record. Having considered the moving and opposing papers, including the supplemental briefing requested by the court, the written and oral arguments of the parties, and the other papers and pleadings filed in this case, the court issues this separate memorandum decision and order granting the Motion to Strike.

The court first disagrees with Trustee's argument that the Bastian Declaration is inadmissible parol evidence. In *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 55 Cal. 4th 1169 (2013), the California Supreme Court overruled its long standing case precedent in *Bank of America etc. Assn. v. Pendergrass*, 4 Cal. 2d 258, 263 (1935), in holding that the "fraud exception" to the parol evidence rule broadly permits evidence of promissory fraud. Paragraph 6 of the Bastian Declaration is evidence that Andra Sachs was induced to sign the Global Settlement Agreement through fraud. Indeed, "although a written instrument may supersede prior negotiations and understandings leading up to it, fraud may always be shown to defeat the effect of an agreement." *Riverisland*, 55 Cal. 4th at 333, *citing*, *Fleury v. Ramacciotti*, 8 Cal. 2d 660, 662 (1937).

However, the court ultimately agrees with Trustee's argument that the Bastian Declaration, specifically paragraph 6, is inadmissible as confidential settlement communications pursuant to Federal Rule of Evidence 408. Rule 408 states, "Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: . . . conduct or a statement made during compromise negotiations about the claim . . . ." The Andra Sachs Defendants offer numerous other purposes for the Bastian Declaration, including intent on the part of Trustee not to enforce the entire $9 million judgment against Andra Sachs. Although the Andra Sachs Defendants are correct that such evidence is indeed admissible for other purposes, "such as proving bias

2

or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution," (*see* Fed. R. Evid. 408(b)), considering the plain language of Rule 408, as argued by Trustee, by offering the Bastian Declaration, the Andra Sachs Defendants are attempting to "dispute the validity" of the Trustee's claim to have the judgment entered pursuant to the terms of the Global Settlement Agreement.  The Andra Sachs Defendants have offered the Bastian Declaration to essentially demonstrate why they should not be liable for the $9 million liability judgment as was contemplated in the Global Settlement Agreement.

      Rule 408 exemplifies a "well-recognized public policy in favor of non-litigious solutions to disputes . . . ." *Southwest Nurseries, LLC v. Florists Mutual Insurance, Inc.*, 266 F. Supp. 2d 1253, 1257 (D. Colo. 2003), *citing*, *Olin Corp. v. Insurance Co. of North America*, 603 F. Supp. 445, 449-450 (S.D.N.Y. 1985).  Evidence of settlement communications may be admissible to challenge a claim of undue delay, to prove knowledge and intent, or for purposes of impeachment or rebuttal.  *See Bankcard America, Inc. v. Universal Bancard Systems, Inc.*, 203 F.3d 477, 484 (7th Cir. 2000). Whenever the issue of admissibility is doubtful, however, the better practice is to exclude such evidence.  *Southwest Nurseries, LLC*, 226 F. Supp. 2d at 1258, *citing*, *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987).  Although the Bastian Declaration may be evidence of Trustee's intent at the time of signing the Global Settlement Agreement, this court cannot separate such a challenge to Trustee's intent from the validity of Trustee's claim against the Andra Sachs Defendants.  Indeed, paragraph 6 of the Bastian Declaration begins, "During negotiations pertaining to the Settlement Agreement and Liability Judgment . . . [David Weinstein] told [James Bastian] that the Trusteee did not intend to use the Liability Judgment to hold Sachs liable for damages in the full principal amount of $9,000,000 . . . ."  Admitting the evidence to show Trustee's intent necessarily affects Trustee's claim under the Global Settlement at this point in the litigation because Trustee is currently attempting to collect the full judgment

3

against Andra Sachs.  For these reasons, the court concludes that the Bastian Declaration is inadmissible evidence of settlement communications.

Accordingly, IT IS HEREBY ORDERED that the Motion to Strike is granted and that the Bastian Declaration is stricken from consideration with respect to Plaintiff's Motion for Entry of Judgment.

IT IS FURTHER ORDERED that the further hearing on the Motion to Strike currently set for March 5, 2013 at 3:30 p.m. is hereby vacated and that no further appearances are necessary.

IT IS SO ORDERED.

###

Date: March 4, 2013

Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE DECLARATION OF JAMES BASTIAN FILED IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **March 4, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Natalie C Boyajian    natalie.daghbandan@bryancave.com,
raul.morales@bryancave.com;trish.penn@bryancave.com;ashley.burt@bryancave.com
Allen Chiu    allen.chiu@lw.com
Jacquelyn H Choi    jchoi@wwolawyers.com
Robert A Franklin    rfranklin@murraylaw.com
Andy Kong    Kong.Andy@ArentFox.com
Nhung Le    nle@luce.com
Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
Ronald E Michelman    ronaldmichelman@sbcglobal.net
Kimberly A Posin    kim.posin@lw.com
Amy Quartarolo    amy.quartarolo@lw.com, laura.pumerville@lw.com
Shelly Rothschild    rothschildlaw@yahoo.com
David R Weinstein    david.weinstein@bryancave.com,
raul.morales@bryancave.com;trish.penn@bryancave.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

F 9021-1