| | |
|---|---|
| | FILED & ENTERED<br><br>MAR 05 2013<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gae    DEPUTY CLERK |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FLASHCOM, INC.,<br>a California corporation,<br><br>    Debtor. | Case No. 2:12-bk-16351-RK<br><br>Chapter 11<br><br>Adv. No. 2:12-ap-01339-RK |
| CAROLYN A. DYE,<br>Liquidating Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDRA SACHS;<br>COMMUNICATIONS VENTURES III, L.P.; COMMUNICATIONS VENTURES III CEO & ENTREPRENEURS FUNDS L.P.; MAYFIELD IX, a Delaware Limited Partnership; MAYFIELD ASSOCIATES FUNDS IV, a Delaware Limited Partnership; DAVID HELFRICH; TODD BROOKS; BRADFORD SACHS; RICHARD RASMUS; and KEVIN FONG,<br><br>    Defendants. | MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND ANDRA SACHS DEFENDANTS' MOTION FOR RELIEF FROM ORDERS PURSUANT TO FED. R. CIV. P. 60 |

The Motion of Plaintiff Carolyn Dye, Litigating Trustee ("Trustee") for Entry of Judgment Establishing Liability of Andra Sachs, Ashby Enterprises and Max-Singer Partnership (Docket No. 526, the "Judgment Motion") and the Motion of Defendants Andra Sachs, Ashby Enterprises and Max-Singer Partnership (collectively, the "Andra Sachs Defendants") for Motion for Relief from Orders Pursuant to Federal Rule of Civil Procedure 60 (Docket No. 609, the "Rule 60 Motion") came before the undersigned United States Bankruptcy Judge on April 10, 2012, May 30, 2012, June 28, 2012, October 31, 2012, and December 19, 2012.  David R. Weinstein, of the law firm of Bryan Cave LLP, appeared on behalf of Trustee.  Teddy M. Kapur, of the law firm of Pachulski Stang Ziehl & Jones LLP, originally appeared on behalf of the Andra Sachs Defendants. Ronald E. Michelman, of the law firm of Michelman and Michelman LLP, substituted into the case as new counsel for the Andra Sachs Defendants and later appeared for these defendants.

On August 14, 2012, the court entered its Supplemental Scheduling Order, in which the court deemed Trustee's Judgment Motion a motion for summary judgment under Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056 and Local Bankruptcy Rule ("LBR") 7056-1.  The parties' Stipulation of Facts Concerning Plaintiff's Motion for Entry of Judgment Establishing Liability of Andra Sachs, Ashby Enterprises and Max-Singer Partnership filed on June 21, 2012 (Docket No. 554, the "Stipulation of Facts") serves as the Statement of Uncontroverted Facts required by LBR 7056-1(b)(2).  As required by the Supplemental Scheduling Order, on September 6, 2012, the Andra Sachs Defendants filed a supplemental brief and statement of genuine issues in compliance with LBR 7056-1.  Subsequently, the Andra Sachs Defendants filed the Rule 60 Motion on November 21, 2012 (the "Rule 60 Motion").  The court considers the Rule 60 Motion with Trustee's Judgment Motion because it directly affects the outcome of that motion.  The court had set a further hearing on these matters for March 5, 2013 after the court requested supplemental briefing on the impact of the California Supreme Court's decision and opinion in *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit*

2

1  *Association,* 55 Cal.4th 1169 (2013) on Trustee's related motion to strike the declaration

2  of James Bastian filed in opposition to Trustee's motion for entry of judgment now before

3  the court.

4      Having considered the oral and written arguments of the parties, the Stipulated

5  Facts, and the other papers and pleadings filed in this case, the court hereby takes the

6  pending motions under submission, vacates the further hearing on March 5, 2013 and

7  issues this memorandum decision on the motions setting forth its reasons for its rulings

8  on the motions under Rules 7056 and 9024 of the Federal Rules of Bankruptcy

9  Procedure and Rules 56 and 60 of the Federal Rules of Civil Procedure.

10     For the reasons set forth herein, the court concludes that the Andra Sachs

11 Defendants' Rule 60 Motion should be granted, that Trustee's summary judgment motion

12 should be granted in part and denied in part and that judgment in this adversary

13 proceeding should therefore be entered in favor of Trustee in part only.

14     **BACKGROUND**

15     The relevant facts are undisputed and can be found in the Stipulation of Facts

16 Concerning Plaintiff's Motion for Entry of Judgment Establishing Liability of Andra Sachs,

17 Ashby Enterprises and Max-Singer Partnership (Docket No. 554), filed by the parties on

18 June 21, 2012, which facts are now adopted as the Statement of Uncontroverted Facts

19 pursuant to LBR 7056-1.  On July 11, 2002, Trustee commenced this adversary

20 proceeding against Communications Ventures III, L.P., Communications Ventures III

21 CEO & Entrepreneurs' Fund L.P., Mayfield IX, Mayfield Associates Funds IV, the Estate

22 of Todd Brooks, Kevin Fong, David Helfrich (collectively, the "VC Defendants"), the Andra

23 Sachs Defendants, Bradford Sachs, and Richard Rasmus.

24     Pursuant to its Order Authorizing Compromise of Controversies with Andra Sachs

25 and Estate of Bradford H. Sachs (Docket No. 726), entered on November 1, 2005 (the

26 "Stipulated Judgment"), the court approved the "Global Settlement Agreement" between

27 Trustee, Bradford Sachs and the Andra Sachs Defendants.  The approval date of the

28 Global Settlement Agreement was June 26, 2006.

3

Pursuant to the terms of the Global Settlement Agreement, in 2006, Andra Sachs made two settlement payments totaling $750,000 to Trustee.  Because the Trustee did not receive at least $2,000,000 from the VC Defendants or other defendants by June 26, 2009 (36 months following the Approval Date, as set forth in the Global Settlement Agreement), under paragraph 10 of the Global Settlement Agreement, the Andra Sachs Defendants were required to make the final settlement payment to Trustee by July 31, 2009.

The Andra Sachs Defendants did not make the final settlement payment to Trustee.  Upon failure to make this payment, paragraph 10(c) of the Global Settlement Agreement provides that the Trustee may record the Dye Liability Judgment against the Andra Sachs Defendants—a judgment for the avoidance of preferential transfers in the principal sum of $9,000,000 under 11 U.S.C. § 547(b) in favor of Trustee—and proceed with execution on Andra's assets as well as the assets of the other Andra Sachs Defendants.

The Trustee did not demand payment, notify, or otherwise attempt to communicate with any of the Andra Sachs Defendants or their counsel about the need to make the final payment under the Global Settlement Agreement in July 2009, or after that, until January 2012.  After Andra Sachs received service of Trustee's Judgment Motion in March 2012, she and her counsel offered, more than once in March 2012 and thereafter, to deliver $62,500 to Trustee.  Although Andra Sachs intended that such payment would satisfy the obligations of the Andra Sachs Defendants under the Global Settlement Agreement, Trustee did not accept this payment tendered by Andra.

**DISCUSSION**

**I.    The Rule 60 Motion**

Under Rule 60 of the Federal Rules of Civil Procedure, made applicable in this case through Federal Rule of Bankruptcy Procedure 9024, provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for one of the following reasons:

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reasons that justifies relief.

The Andra Sachs Defendants request that this court grant them relief pursuant to these rules by vacating or modifying the Stipulated Judgment filed November 1, 2005 by eliminating the $9 million principal sum payment.  Defendants argue in their Rule 60 motion, as they argue in opposition to the Judgment Motion, that the principal sum payment is an unenforceable penalty under California contract law, and that enforcing the Stipulated Judgment prospectively would be inequitable.

### A. The Rule 60 Motion Is Timely

Rule 60(c) sets forth the relevant time limitations for bringing such motions.  Relief sought pursuant to Rule 60(b)(4)-(6) must be brought within a "reasonable" time, but no specific time is stated.  See Fed. R. Civ. P. 60(c)(1); *see also*, *3 Jones and Rosen, Rutter Group Practice Guide: Federal Civil Trials and Evidence*, ¶¶ 20:430-20:431 at 20-85 – 20-86 (2012), *citing inter alia, United States v. Wyle (In re Pacific Far East Lines, Inc.),* 889 F.2d 242, 249 (9th Cir. 1989)("What constitutes a reasonable time 'depends on the facts of each.'")(citation omitted).  The court finds that the Rule 60 motion was brought within a reasonable time in light of the undisputed facts that the resolution of the remaining part of the adversary proceeding against the VC Defendants, upon which the final settlement amount was computed, took longer than anticipated under the Global Settlement Agreement, that Trustee waited a longer period of time to seek enforcement of the full amount of the judgment against the Andra Sachs Defendants, that there were changes in counsel for Andra Sachs Defendants, and Defendants had not known of Trustee's intent to seek enforcement of the full amount of the judgment until 2012 when counsel for Trustee sent an email message to an attorney who formerly represented the Andra Sachs Defendants, but who was not representing them at the time, and that the

Andra Sachs Defendants acted with diligence after they tendered payment of the settlement payment promptly when Trustee demanded payment of the full amount and filed their Rule 60 motion after Trustee refused their tender of the settlement amount. *In re Pacific Far East Lines, Inc.,* 889 F.2d at 249 (a major consideration of what constitutes a reasonable time is having a good reason for not taking action earlier). The court also finds that the Rule 60 motion will not prejudice Trustee as the nonmoving party because Trustee waited a long time to make any demand for payment to the Andra Sachs Defendants and can be appropriately compensated for any delay with interest on the determined judgment amount. *Id.* (another major consideration of what constitutes a reasonable time is lack of prejudice to the nonmoving party). Accordingly, the court will not deny the Rule 60 motion on grounds that it was not brought within a reasonable time and will grant the motion for the reasons stated herein.

**B.    Under California Law, the $9 Million Principal Sum Payment is an Unenforceable Penalty**

The relevant question here is whether, in the Stipulated Judgment, the provision allowing for the Trustee to enter judgment against Andra Sachs for $9 million is a valid liquidated damages provision or an illegal penalty for breach of contract settling the litigation between Trustee and the Andra Sachs Defendants pursuant to California Civil Code §1671. Civil Code § 1671(b) provides: "a provision in a contract liquidating damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances at the time the contract was made." This raises two further questions specifically relating to the Stipulated Judgment, which is the settlement contract between the parties. First, did Andra Sachs breach the Stipulated Judgment, or rather, as Trustee argues, did Andra Sachs merely choose one "option" under the contract? If Andra Sachs breached the Stipulated Judgment, is the relevant provision a valid liquidated damages clause or an unenforceable penalty? The court finds that Andra Sachs breached the Stipulated

6

Judgment, and the relevant provision of the Global Settlement Agreement constitutes an unenforceable penalty pursuant to Civil Code § 1671(b).

As an introductory matter, the court finds that California law is helpful and applicable in this case. Trustee cites *Van Curen v. Escamilla (In re VEC Farms, LLC)*, 395 B.R. 674 (N.D. Cal. 2008) as contrary authority, stating that state law is instructive, but not binding, authority for a bankruptcy court in determining a Rule 60 motion concerning a settlement agreement approved by an order of a California bankruptcy court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. 395 B.R. at 684. The court does not disagree with the court in *VEC Farms* that state law on contracts is instructive, but not necessarily binding, in considering a Rule 60 motion as to an order approving a settlement agreement by the federal bankruptcy court. But as the court held in *Eising v. Locke (In re Wescot International, Inc.),* 236 B.R. 27 (Bankr. N.D. Cal. 1999), it would not be improper to do so. The court in *Wescot* stated: "Although [an action under Rule 60 is uniquely a creature of federal law,] state law on contracts is very instructive on the precise issue of whether this type of judgment can constitute an unconscionable penalty. . . . Vineyard itself acknowledges that there is a dearth of federal law on point . . . .Therefore it was certainly not improper for the Bankruptcy Court to refer to California law in the case at hand." 236 B.R. at 33 n. 3. This court concludes that it may rely on California law interpreting the subject settlement contract reached between these parties approved by this California bankruptcy court in this adversary proceeding to settle their dispute, which also referred to, and incorporated, provisions of the California Civil Code relating to settlements (i.e., releases of liability under Civil Code § 1542). *Id.; see also, Global Settlement Agreement, ¶ 17 (attached to Stipulation of Facts as Exhibit 2 at 15-16).*

**1.    Andra Sachs Breached the Stipulated Judgment**

The language of Civil Code 1671(b) governing liquidated damages in California contracts, as noted by Trustee, anticipates a breach, stating: "to constitute a liquidated damage clause the conduct triggering the payment must in some manner breach the

7

contract." *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th 298, 328 (2011), *quoting*, *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1315 (2005). Trustee argues that Andra did not "breach" the Stipulated Judgment, and thus her actions did not trigger the protection against unreasonable penalties provided in Civil Code § 1671(b).

In this case, the pertinent terms of the Stipulated Judgment are as follows:

- Without admitting liability, Andra shall consent to entry of a judgment in the principal amount of $9 million in favor of Trustee.

- The Dye Avoidance Judgment shall not be recorded by Trustee unless and until Andra and other defendants "***fail to timely exercise the Dye Buyout Option***." ¶ 9(c) (emphasis added).

- Andra and the other defendants "can ***satisfy their liability*** under [the judgment] by making the payment provided for pursuant to the Dye Buyout Option. Upon timely payment of the Dye Buyout Option, ***Dye shall acknowledge satisfaction by Andra . . . of any and all liability to [Trustee] and the Flashcom bankruptcy estate under this agreement, the Dye Liability Judgment, or otherwise***." ¶ 9(e) (emphasis added).

- Under the Dye Buyout Option, Andra must pay the Trustee either $50,000 or $62,500 no later than July 31, 2009, the amount depending on actions of the other defendants. ¶ 10.

- "In the event Andra [and the other defendants] **do not exercise the Dye Buyout Option** by making the required payment prior to its expiration, Dye may record the Dye Avoidance Judgment; and she may file, have entered and record the Dye Liability Judgment," which provides for full satisfaction of the $9 million against Andra. ¶ 10(c) (emphasis added).

***

*Global Settlement Agreement*, ¶¶ *9(a)-(c) and 10(a)-(c) (attached to Stipulation of Facts as Exhibit 2 at 9-11).* Trustee points to the last bit of quoted language quoted to argue

1  that Andra Sachs did not commit a breach of the Stipulated Judgment, but as Trustee
2  argues, Andra instead "simply failed to avail herself of an opportunity that was clearly
3  labeled as, and was, an 'Option' which had a limited duration."  *Plaintiff's Reply*
4  *Memorandum in Support of Motion for Entry of Judgment Establishing Liability of Andra*
5  *Sachs, Ashby Enterprises and Max-Singer Partnership,* filed on May 23, 2012, at 7.
6  Trustee argues that a contractual provision "that merely provides an option of alternative
7  performance of an obligation does not impose damages and is not subject to section
8  1671 limitations.  *Id.*, *citing*, *In re Cellphone Termination Fee Cases*, 193 Cal. App. 4th at
9  328.

   As noted by Trustee, paragraph 10(c) of the Global Settlement Agreement, quoted
11 above, calls the required payment an "option."  But when read in conjunction with the
12 other relevant provisions of the settlement agreement, the court concludes that it is
13 certainly a breach, mainly because the payment was to constitute "full satisfaction" of any
14 liability to the Trustee or the estate.  *Global Settlement Agreement* ¶ 9(e).  The *Cellphone*
15 *Termination Fee Cases,* the same authority cited by Trustee for her own position, stated:
16 "When it is manifest that a contract expressed to be performed in the alternative is in fact
17 a contract contemplating but a single, definite performance with an additional charge
18 contingent on the breach of that performance, the provision cannot escape examination
19 in light of pertinent rules relative to the liquidation of damages."  *In re Cellphone*
20 *Termination Fee Cases*, 193 Cal. App. 4th at 328, *quoting, Garrett v. Coast & Southern*
21 *Fed. Sav. & Loan Assn.,* 9 Cal.3d 731, 738 (1973).  Andra had two "options" only under
22 the settlement contract between her and Trustee: pay $62,500 on time, or be subject to
23 liability for the entire $9 million principal sum.

   Regardless of the fact that the Stipulated Judgment terms this payment an
25 "Option," it is clear from the face of the Global Settlement Agreement that, to satisfy her
26 obligation under the Stipulated Judgment, Andra Sachs was required to pay the sum of
27 $62,500. Accordingly, this court considers the $9 million an "additional charge" which, as
28 explained in *In re Cellphone Termination Fee* Cases, requires the application of Civil

9

Code § 1671(b).  Thus, the court concludes that Andra breached the Stipulated Judgment by failing to timely remit payment to the Trustee.

### 2. The "Option" Is an Unenforceable Penalty

In *Ridgley v. Topa Thrift & Loan Association*, 17 Cal. 4th 970 (1998), the California Supreme Court explained that a liquidated damages clause for a breach of contract will be considered unenforceable pursuant to Civil Code 1671(b) if it bears "no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." 17 Cal. 4th at 977.  The amount set as liquidated damages from a breach of contract must demonstrate a "reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." *Id., citing, Garrett v. Coast & Southern Fed. Sav. & Loan Assn.,* 9 Cal.3d at 739.

In *Greentree Financial Group, Inc. v. Execute Sports, Inc.*, 163 Cal. App. 4th 495 (2008), a California Court of Appeal explained that under a stipulated judgment—as is the case between Trustee and Andra Sachs—the court must analyze damages based on a "breach of the *stipulation*, not the breach of the *underlying contract*." 163 Cal. App. 4th at 499 (emphasis in original), *citing, Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal. App. 3d 896, 902 (1978).

The facts of *Greentree* are similar to those in the case at bar relating to the Stipulated Judgment.  In *Greentree*, plaintiff sued defendant for breach of contract, alleging damages of $45,000 (plus interest to be determined at trial). 163 Cal. App. 4th at 498.  Subsequently, the parties executed a stipulated judgment, which provided for a settlement that the defendant would pay plaintiff a total of $20,000 in two installments. *Id.* In the event defendant defaulted on one of the settlement payments, plaintiff would be entitled to have judgment immediately entered against defendant for all amounts prayed as set forth in the complaint. *Id.* Defendant defaulted on the settlement in the stipulated judgment, and immediately thereafter, the trial court entered a proposed judgment submitted by plaintiff for $61,232.50, which represented the original amount sought by plaintiff in the case rather than the settlement amount. *Id.*

1  The *Greentree* court held that the judgment for the full amount imposed an

2  unenforceable penalty pursuant to Civil Code § 1671(b), explaining that the judgment did

3  not reflect the damages that the parties anticipated that might flow from breach of the

4  stipulation, but rather reflected those from a breach of the underlying contract. *Id.* at 499,

5  *citing*, *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal. App. 3d at 902. It was not

6  appropriate for plaintiff to simply select as damages in the event of breach of the

7  stipulation that equaled the total prayer for relief from the complaint. *Id.* Indeed, the

8  *Greentree* court stated that the amount bore no reasonable relationship to the range of

9  actual damages the parties could have anticipated from breach of the stipulation. *Id.*

10  "Damages for the withholding of money are easily determinable—i.e., interest at

11  prevailing rates." *Id.* at 500, *citing*, *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal.

12  App. 3d at 900. In so holding, the court in *Greentree* drew attention to the fact that

13  plaintiff's requested judgment amount was more than triple the amount for which the

14  parties agreed to settle the case. *Id.*

15  Similarly, under the facts of this case, Andra Sachs had one choice: timely pay

16  Trustee the amount reduced in settlement of $62,500 in the Stipulated Judgment or be

17  subject to full liability on the entire $9 million amount originally sought in the preference

18  action brought by Trustee against Andra Sachs and the VC Defendants. It cannot

19  reasonably be determined that upon breach of paying on time the reduced settlement

20  amount of $62,500, the parties contemplated that damages for that breach would total $9

21  million. Just as in *Greentree*, the $9 million amount does not bear a reasonable

22  relationship to the agreed-upon performance in the Stipulated Judgment. This is an

23  unenforceable penalty for breach of the settlement contract, and therefore, Trustee may

24  not attempt to enforce it against the Andra Sachs Defendants simply because her efforts

25  to obtain a judgment against the VC Defendants have not been successful.

26  **II.    The Judgment Motion**

27  Because the provision of the Stipulated Judgment which allows Trustee to request

28  entry of judgment against the Andra Sachs Defendants in the amount of $9 million is an

11

1   unenforceable penalty pursuant to Callifornia Civil Code § 1671(b), the court concludes
2   that judgment should be entered in favor of Trustee only in part for the Andra Sachs
3   Defendants' breach of the settlement agreement by failing to timely make the final
4   installment payment under the agreement.  Thus, the court concludes that the Andra
5   Sachs Defendants should be only required to tender the settlement amount of $62,500,
6   plus interest at the applicable rate.
7       The court orders counsel for the Andra Sachs Defendants to submit a proposed
8   order granting in part and denying in part Trustee's Judgment Motion, a proposed
9   judgment in favor of Trustee and against them in the amount of $62,500, plus applicable
10  interest on that amount, and granting their Rule 60 motion.  The court further orders that
11  counsel for the Andra Sachs Defendants have counsel for Trustee review the form of the
12  proposed orders and judgment before they are submitted to the court for final review and
13  approval.  Since this memorandum decision resolves the pending motions in this case,
14  the court vacates all of the further hearings currently set for March 5, 2013 at 3:30 p.m.
15  related to these motions, and no appearances are necessary.
16      IT IS SO ORDERED.
17      ###

Date: March 5, 2013

Robert Kwan
United States Bankruptcy Judge

12

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND ANDRA SACHS DEFENDANTS' MOTION FOR RELIEF FROM ORDERS PURSUANT TO FED. R. CIV. P. 60** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **March 4, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Natalie C Boyajian    natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;trish.penn@bryancave.com
Allen Chiu    allen.chiu@lw.com
Jacquelyn H Choi    jchoi@wwolawyers.com
Robert A Franklin    rfranklin@murraylaw.com
Andy Kong    Kong.Andy@ArentFox.com
Nhung Le    nle@luce.com
Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
Ronald E Michelman    ronaldmichelman@sbcglobal.net
Kimberly A Posin    kim.posin@lw.com
Amy Quartarolo    amy.quartarolo@lw.com, laura.pumerville@lw.com
Shelly Rothschild    rothschildlaw@yahoo.com
David R Weinstein    david.weinstein@bryancave.com, raul.morales@bryancave.com;trish.penn@bryancave.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Latham & Watkins LLP
Daniel Scott Schecter
633 W. Fifth St., Suite 4000
Los Angeles, CA  90071

Stutman Triester & Glatt
K. John Shaffer
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

Mohamed A Malik
Jackson DeMarco Tidus & Peckenpaugh
2030 Main St., Suite 1200
Irvine, CA 92614

Teddy M. Kapur
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

F 9021-1

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

F 9021-1